IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00293-CMA-NYW

JANET SHAULIS, and
JEWEL ARLENE KEY, individually and on behalf of all other similarly situated individuals

    Plaintiffs,

v.

FALCON SUBSIDIARY LLC, a Delaware limited liability company, *d/b/a* Axispoint Health,

    Defendant.

───────────────────────────────────────────────

**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF COLLECTIVE AND CLASS ACTIONS SETTLEMENT AND CERTIFYING THE CLASS FOR PURPOSE OF SETTLEMENT**
───────────────────────────────────────────────

This matter is before the Court on the Parties' Joint Motion for Preliminary Approval of Collective/Class Action Settlement, Certifying Class for Purpose of Settlement, Directing Notice to the Class, and Scheduling Final Approval Hearing (the "Joint Motion"). (Doc. # 26.)

For the reasons set forth in the Joint Motion, this Court grants preliminary approval of the Settlement Agreement, filed with the Court as Exhibit 1 to the Joint Motion (Doc. # 26-1). Given the procedural posture of this case, the Settlement Agreement is preliminary approved as fair, reasonable, and adequate. *See In re Integra Realty Resources, Inc.*, 354 F.3d 1246, 1266 (10th Cir. 2004); *Rutter & Wilbanks Corp.*

*v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). Accordingly, it is hereby ORDERED as follows:

1. The Joint Motion (Doc. # 26) is GRANTED.

2. **Class Findings**: Solely for the purposes of the Settlement, the Court finds that the requirements of the Federal Rule of Civil Procedure 23, the Constitution of the United States, the requirements of 29 U.S.C. § 216(b), the Rules of this Court and any other applicable law have been met as to the Settlement Class defined below, in that:

    a. The Court preliminarily finds, for purposes of settlement only, that the settlement reflects a fair and reasonable resolution of a bona fide dispute with respect to the claims asserted by the Settlement Class.

    b. The Court preliminarily finds, for purposes of settlement only, that each of the Plaintiffs has standing to represent the Settlement Class because they have potentially suffered damages and are members of the Settlement Class.

    c. The Court preliminarily finds, for purposes of settlement only, that, as required by Fed. R. Civ. P. 23, the Settlement Class is ascertainable from records kept by Defendant with respect to their employees and from other objective criteria, and that the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

d. The Court preliminarily finds, for purposes of settlement only, that, as required by Rule 23, there are one or more questions of fact and/or law common to the Settlement Class.

e. The Court preliminarily finds, for purposes of settlement only, that, as required by Rule 23, the claims of the Plaintiffs are typical of the claims of the Settlement Class;

f. The Court preliminarily finds, for purposes of settlement only, that, as required by Rule 23, the Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class, (ii) there appear to be no conflicts between or among the Plaintiffs and the Settlement Class, and (iii) the Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex consumer class actions.

g. The Court preliminarily finds, for purposes of settlement only, that, as required by Rule 23 and upon consideration of the factors enumerated in Rule 23, maintaining the Plaintiffs' claims as a class action is superior to other available means of adjudication in promoting the convenient administration of justice.

3. **Class Certification and Appointment of Class Counsel**: The Court, in conducting the settlement approval process required by Rule 23, certifies, for purposes of settlement only, the following Settlement Class:

> All current and former hourly Telehealth Nurses ("THNs") (a home-based nurse who field patient calls) who work or have worked for Falcon Subsidiary LLC *d/b/a* AxisPoint Health at any time from February 6, 2015 (for all THNs employed in states other than California) and from February 6, 2014 (for all THNs employed in California), through the date on which the Court grants preliminary approval of the Settlement (the "Class Period").

Further, the Court appoints the named Plaintiffs as representatives for the Settlement Class and appoints Sommers Schwartz, P.C. as Class Counsel for the Plaintiffs and the Settlement Class. This certification of a preliminary Settlement Class pursuant to the terms of the Settlement Agreement shall not constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against the Defendant, that (except for the purposes of the Settlement) this Action or any other action is appropriate for class treatment under Rule 23.

4. **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds that: (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and fact-finding regarding the strengths and weaknesses of the Plaintiffs' claims; (iii) Class Counsel, having substantial experience in FLSA collective actions and wage and hour class action cases, concluded that the proposed Settlement is fair, reasonable and adequate;

4

and (iv) the proposed Settlement is sufficiently fair, reasonable and adequate to warrant sending notice of the proposed Settlement to the Settlement Class. Having considered the essential terms of the Settlement Agreement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those whose claims would be settled, compromised, dismissed and/or released pursuant to the Settlement must be given notice and an opportunity to be heard regarding final approval of the Settlement and other relevant matters.

5. **Class Notice**: The Plaintiffs and Class Counsel have presented to the Court a proposed Class Notice, attached as Exhibit A to the Settlement Agreement (Doc. # 26-1 at 27–34). The Court finds that such forms satisfy the requirements of Rule 23 as it fairly and adequately: (a) describes the terms and effect of the Settlement Agreement, the Settlement and the Plan of Allocation; (b) notifies the Settlement Class: that the California Claims Payments (totaling $12,000) will be paid out of the Total Settlement Amount; that Class Counsel will seek attorneys' fees from the Global Settlement Fund up to one-third of the $595,000 Total Settlement Amount; that reimbursement of litigation expenses from the Total Settlement Amount will be sought up to $15,000; that payment of Settlement Administration expenses from the Total Settlement Amount in an amount not to exceed $23,000; and that Named Plaintiff incentive awards will be sought from the Total Settlement Amount in an amount not to exceed a cumulative amount of $15,000 for the Named Plaintiffs for their service in such capacities; (c) gives

notice to the Settlement Class of the time and place of the Fairness Hearing; and (d) describes how the recipients of the Class Notice may object to any of the relief requested or request to exclude themselves from the settlement. The Plaintiffs and Class Counsel have proposed first class mail to communicate the notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances, which is summarized as follows:

> (a) By no later than the date set forth in the schedule above the Settlement Administrator shall cause the proposed Class Notice, attached as Exhibit "`1-A" to the parties Motion for Preliminary Approval, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be sent by United States mail and electronic mail to the last known e-mail address of each member of the Settlement Class for whom the Settlement Administrator has a valid e-mail address.

6. **Attorneys' Fees and Costs and Named Plaintiff Incentive Awards**: The Court has reviewed Class Counsel's Joint Motion (Doc. # 26) and supporting affidavit (Doc. # 26-3) and preliminarily approves their request for an award of fees in the amount of $198,333.33, litigation expenses in an amount not to exceed $15,000, and settlement administration expenses not to exceed $23,000, as fair and reasonable. Further, upon consideration of the relevant authorities, the Court preliminarily approves the proposed Named Plaintiff incentive awards in an aggregate amount of $15,000 as fair and reasonable. **Both of these preliminary rulings are subject to final review and approval** upon the Court's review of Class Counsel's Motion for Final Approval and Motion for Attorneys'

Fees and consideration of any timely objection from a member of the Settlement Class.

7. **Objections to Settlement**: Any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, or to any term of the Settlement Agreement may file an objection. An objector must file with the Court Clerk a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection, including any legal support and/or evidence that such objector wishes to bring to the attention of the Court or introduce in support of such objection, as well as information sufficient to show that the objector is a member of the Settlement Class. The objector must also mail copies of the objection and all supporting law and/or evidence to Class Counsel and to counsel for the Defendants. The addresses for filing objections with the Court and service on counsel are as follows:

> Upon Class Counsel at:
>
> SOMMERS SCHWARTZ, P.C.
> Kevin J. Stoops
> One Towne Square, Suite 1700 Southfield, MI 48076 Telephone: (248)355-0300
> kstoops@sommerspc.com
>
> Upon Defense Counsel at:
>
> MCDERMOTT WILL & EMERY LLP
> Chris C. Scheithauer
> 4 Park Plaza, Suite 1700
> Irvine, California 92614
> (949) 757-7163
> cscheithaeur@mwe.com
>
> Upon Settlement Administrator at:

SIMPLURIS INC.
P.O. Box 26170
Santa Ana, California 92799
Fax: (714) 223-5067

Any objector or his, her, or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the Court by no later than the date set forth in the schedule above. If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than the date set forth in the schedule above. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement (in this proceeding, on any appeal or in any other proceedings), and any untimely objection shall be barred absent an Order from the Court.

8. **Final Approval Brief and Fee Petition**: Counsel shall file their Motion for Final Approval and Attorneys' Fees no later than the date set forth in the schedule below.

9. **Fairness Hearing**: A hearing, is scheduled for the date set forth in the schedule below at the United States District Court for the District of Colorado, Courtroom A602, 901 19th Street, Denver, Colorado 80294 (the "Fairness Hearing") to determine, among other things:

a. Whether the Settlement merits final approval as fair, reasonable and adequate;

b. Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

c. Whether the notice method provided by the Parties: includes: (1) a description of the settlement class; (2) a description of the proposed settlement; (3) the names of counsel for the class; (4) a fairness hearing date; (5) a statement of the deadlines for filing objections to the settlement, and for filing requests of exclusion; (6) the consequences of such exclusion; (7) the consequences of remaining in the settlement class; (8) a statement of the attorneys' fees, litigations expenses, incentive awards, and estimated settlement administration expenses; and (9) information on how to obtain further information;

d. Whether Class Counsel adequately represented the Settlement Class for purposes of entering into the Settlement;

e. Whether the proposed Plan of Allocation should receive final approval pursuant to Rule 23;

f. Whether the Court's preliminary finding that a Class Counsels' one-third fee award and litigation expense reimbursement award, and settlement administration expenses reimbursement, is reasonable in this case should receive final approval; and

g. Whether the Court's preliminary finding that the proposed Named Plaintiff incentive awards are reasonable should receive final approval.

10. **Appearance at Fairness Hearing**: If any objector files and serves a timely and valid written objection in accordance with the requirements above and the Court sets a hearing, they may appear at the Fairness Hearing either in person or through qualified counsel retained at their own expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney), and information sufficient to show that the objector is a member of the Settlement Class, on Class Counsel and Defendant's counsel (at the addresses set out above) and file it with the Court Clerk by no later than the date set forth in the schedule above. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of the Court.

11. **Service of Papers**: Defendant's counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession, and shall make sure the same are electronically filed with the Court.

12. **Termination of Settlement**: This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions prior to the Settlement, if the Settlement

terminated in accordance with the terms of the Settlement Agreement or otherwise fails to become final and binding on the Parties, inclusive of any appeal.

13. **Use of Order**:  This Order is not admissible as evidence for any purpose against the Defendant or any current or former affiliate, officer, director or agent of Defendant, in any pending or future litigation involving any of the Parties or otherwise. This Order shall not be construed or used as an admission, concession, or declaration by or against the Defendant or any current or former affiliate, officer, employee or agent of Defendant of any fault, wrongdoing, breach, or liability and the Defendant specifically denies any such fault, breach, liability or wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against the Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable. This Order shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendant to class certification, in the event that the Settlement Agreement is terminated. Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken there under shall be construed as, offered into evidence as, received in evidence as, and/or

deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

14. **Jurisdiction**: Pursuant to the Settlement Agreement entered into by the parties, the Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising there under.

15. **Bar Order**: Pending final determination of whether the Settlement should be approved, the Plaintiffs, the Defendant and all members of the Settlement Class are each hereby barred and enjoined from instigating, instituting, commencing, maintaining or prosecuting any action in any court or tribunal that asserts any Released Claim against any Released Party, as those terms are defined in the Settlement Agreement.

16. **Continuance of Hearing**: The Court reserves the right to continue the Fairness Hearing without further written notice.

17. This Order does not resolve the last pending claim or close the case.

18. **Schedule**: The Court establishes the following deadlines:

| Event | Date |
|---|---|
| Entry of Preliminary Approval Order | June 19, 2018 |
| Defendant to provide the Settlement Administrator with Class Member addresses and Class Member data for Class Notice to be mailed | July 6, 2018 |
| Deadline for the Settlement Administrator to mail Class Notice Packet (Mailing Date) | July 20, 2018 |

| Event | Date |
|---|---|
| Deadline for Class Members to mail Elections Not to Participate in Settlement and Objections | September 3, 2018 |
| Deadline for filing Final Approval Motion and Motion for Fees and Costs | September 14, 2018 |
| Deadline for Settlement Administrator to provide Parties with report identifying all Participating Class Members | September 17, 2018 |
| Deadline for Class Member Objections to Attorneys' Fee Motion | September 21, 2018 |
| Deadline for Parties to file response to objections. | September 24, 2018 |
| Final Approval Hearing | **September 25, 2018 at 2:00 PM** |
| Deadline for Settlement Funding | Within 14 days of entry of Final Approval Order |
| Deadline for Settlement Administrator to Issue payments to Participating Class Members, Named Plaintiff Incentive Awards, and Class Counsel's Fees and Litigation Expenses | Within 7 days of receiving Settlement Funding |

DATED: June 19, 2018

BY THE COURT:

_Christine M. Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge