**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 18-cv-00293-CMA-NYW

JANET SHAULIS, and
JEWEL ARLENE KEY, individually and on behalf of all other similarly situated individuals

    Plaintiffs,

v.

FALCON SUBSIDIARY LLC, a Delaware limited liability company, *d/b/a* Axispoint Health,

    Defendant.

---

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES, LITIGATION/SETTLEMENT ADMINISTRATION EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS**

---

On September 25, 2018, a hearing was held on the joint motion of Plaintiffs, Janet Shaulis and Jewel Arlene Key ("Plaintiffs"), and Defendant, Falcon Subsidiary LLC d/b/a AxisPoint Health ("Defendant"), for final approval of their class and collective action settlement (the "Settlement"), and on the separate motion of Plaintiffs and Class Counsel for Attorneys' Fees, Litigation Expenses, Settlement Administration Expenses, and Class Representative Service Awards (Doc. # 31). Kevin J. Stoops of Sommers Schwartz, P.C., appeared for Plaintiffs; and Chris C. Scheithauer of McDermott Will & Emery LLP, appeared for Defendant.

The parties have submitted their Settlement, which this Court Preliminarily Approved by its Order entered on June 19, 2018. (Doc. # 27). In accordance with the

Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions.

Having received and considered the motion of Plaintiff and Class Counsel for Attorneys' Fees, Litigation Expenses, Settlement Administration Expenses, and Class Representative Service Awards; the Memorandum and corresponding declarations and documents filed in support of that motion; Plaintiff's and Class Counsel's Reply Brief in support of their motion for Attorneys' Fees, Litigation Expenses, Settlement Administration Expenses, and Class Representative Service Awards; the Memorandum and corresponding declarations and documents filed in support of that reply; and based on the entire record of this actions; the Court HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. The Court has jurisdiction over the subject matter of this action, the Defendant, and the Class.

2. Notice of the requested award of attorneys' fees, reimbursement of litigation expenses, reimbursement of settlement administration expenses, and awards of class representative service payments was directed to Class Members in a reasonable manner, and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure.

3. Class Members and any party from whom payment is sought have been given the opportunity to object in compliance with Fed. R. Civ. P. 23(h)(2).

**<u>Appointment of Class Representatives and Approval of Class Representative Awards</u>**

4. The Court confirms as final the appointment of Janet Shaulis and Jewel Arlene Key as Class Representatives of the FLSA Collective and the Rule 23 Class.

5.     The requested Class Representative service awards of $15,000 ($7,500 for Named Plaintiff Janet Shaulis and $7,500 or Named Plaintiff Jewel Arlene Key) are fair and reasonable in light of the time and effort the Class Representatives expended for the benefit of the Class Members, as well as the risk accepted by initiating the litigation and publicly representing the Class. *See, e.g., Pliego v. Los Arcos Mexican Restaurants, Inc.*, 313 F.R.D. 117, 131 (D. Colo. 2016) ($7,500 award); *In re Janney Montgomery Scott LLC Fin. Consultant Litigation*, 2009 U.S. Dist. LEXIS 60790, 2009 WL 2137224, *12 (E.D. Pa. Jul. 16, 2009) (approving incentive payments of $20,000 each to three named Plaintiffs) (unpublished); *Bredbenner v. Liberty Travel, Inc.*, 2011 U.S. Dist. LEXIS 38663, 2011 WL 1344745, *22-23 (D.N.J. Apr. 8, 2011) (approving incentive payments of $10,000 to eight named plaintiffs; citing 2006 study referenced in 4 Newberg on Class Actions § 11.38, at 11-80, that showed average incentive award to class representatives to be $16,000) (unpublished). Here, the Class Representatives' leadership of this action caused them personal exposure and potential adverse consequences with future employers, and their representation of the FLSA and Rule 23 Classes enhanced the case's value overall by increasing Defendant's potential exposure, tolling the statutes of limitations for those claims. Furthermore, Class Counsel attests that the Class Representatives were substantially involved throughout the litigation, educating Class Counsel regarding Class Members' job experiences and Defendant's policies and procedures. Accordingly, the Court approves payment of Class Representative service awards in the amount of $7,500 to Janet Shaulis and $7,500 to Jewel Arlene Key.

## Appointment of Class Counsel; Approval of Class Counsel's Attorneys' Fees and Litigation Expenses

6. The Court confirms as final the appointment of the following law firm and attorneys as class counsel ("Class Counsel") for the Rule 23 and FLSA Classes: Kevin Stoops and Jason Thompson of Sommers Schwartz, P.C.

7. The Court finds and determines that Class Counsel's requested award of $198,333.33 in attorneys' fees, or 33 1/3% of the common funds, is reasonable under the percentage of the common fund method, as it is consistent with the rule followed by District Courts in the Tenth Circuit. *See e.g., Thompson v. Qwest Corporation*, 2018 WL 2183988, at *1 (D. Col. May 11, 2018) (33.3% of gross settlement awarded for attorneys fees); *Whittington v. Taco Bell of Am., Inc.*, 2013 WL 6022972, at *6 (D. Colo. Nov. 13, 2013) (39% of the fund awarded as fees); *Lucken Family Ltd. Partnership, LLP v. Ultra Resources, Inc.*, Civil Action No. 09–cv–01543–REB–KMT, 2010 WL 5387559, at *5–*6 (D. Colo. Dec. 22, 2010) ("The customary fee awarded to class counsel in a common fund settlement is approximately one third of the total economic benefit bestowed on the class.") (citing, inter alia, *Vaszlavik v. Storage Technology Corp.*, Case No. 95–B–2525, 2000 WL 1268824, *4 (D. Colo. Mar. 9, 2000) ("requested fee of 30% of the settlement is well within the ordinary range of common fund awards," and "[a] 30% common fund award is in the middle of the ordinary 20%– 50% range and is presumptively reasonable."). The Court reaches this conclusion based on attorneys' fees awards issued in similar wage and hour cases in this District, and the fact that the common fund of $595,000 was created for Class Members through the efforts of Class Counsel.

8. The requested fee award is also reasonable under the lodestar method. The hours devoted to this case by Class Counsel and their rates are reasonable. The award,

results in a multiplier of 1.36 to 1.72 which falls within the range of fee multipliers courts routinely approve, is reasonable in light of the time and labor required, the difficulty of the issues involved, the requisite legal skill and experience necessary, the results obtained for the Class, the contingent nature of the fee and risk of no payment, and the range of fees that are customary. Courts routinely approve similar or higher lodestar multipliers in comparable common fund cases. *See Vizcaino*, 290 F.3d at 1052-54; *Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (affirming award with multiplier of 6.85); *see also* Newberg, Attorney Fee Awards, § 14.03 at 14-5 (1987) ("multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied."); *Rabin v. Concord Assets Group, Inc.*, No. 89 Civ. 6130 (LBS), 1991 WL 275757 (S.D.N.Y. 1991) (4.4 multiplier) ("In recent years multipliers of between 3 and 4.5 have become common.") (internal quotations and citations omitted); *In re Xcel Energy, Inc., Securities, Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 998-99 (D. Minn. 2005) (approving 25% fee, resulting in 4.7 multiplier); *In re Aremissoft Corp. Sec. Litig.*, 210 F.R.D. 109, 134-35 (D.N.J. 2002) (approving 28% fee, resulting in 4.3 multiplier); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) (approving 33.3% fee, resulting in "modest multiplier of 4.65"); *Di Giacomo v. Plains All Am. Pipeline*, Nos. 99-4137 & 99-4212, 2001 WL 1534633373, at *10-11 (S.D. Fla. Dec. 19, 2001) (approving 30% fee, resulting in 5.3 multiplier); *Roberts v. Texaco*, Inc., 979 F. Supp. 185, 198 (S.D.N.Y. 1997) (5.5 multiplier); *Weiss v. Mercedes-Benz of N. Am.*, Inc., 899 F. Supp. 1297, 1304 (D.N.J. 1995) (9.3 multiplier), *aff'd*, 66 F.3d 314 (3d Cir. 1995).

9. For these reasons, the Court awards Class Counsel attorneys' fees in the amount of $198,333.33.

10. The Court finds and determines, pursuant to the terms of the Settlement, that within 7 days of receipt of the Total Settlement Amount from Defendant (which must be paid within 14 days of the Court's Final Approval Order) the Settlement Administrator will wire transfer the attorneys' fee award of $198,333.33 to Sommers Schwartz, P.C.

11. The Court finds and determines that Class Counsel's request for reimbursement of litigation expenses in the amount of $11.662.82 is reasonable and is consistent with Tenth Circuit authority. The litigation expenses incurred by Class Counsel have been adequately documented and were reasonably incurred for the benefit of the Class. The Court finds that these litigation expenses are justified.

12. The Court finds and determines, pursuant to the terms of the Settlement, that within 7 days of receipt of the Total Settlement Amount from Defendant (which must be paid within 14 days of the Court's Final Approval Order) the Settlement Administrator will wire transfer the litigation expenses amount of $11,662.82 to Sommers Schwartz, P.C.

## Settlement Administration Expenses

13. Settlement Administrator, Simpluris, Inc., has filed a declaration identifying the work it has performed and will perform in this matter and identifying its total invoice amount of $22,529.

14. The Court finds that these settlement administration expenses are fair and reasonable and appropriate in this case and awards reimbursement of that amount to Simpluris, Inc., from the Total Settlement Amount.

Accordingly, the Court GRANTS Plaintiffs' Motion for Attorneys' Fees, Litigation Expenses, Settlement Administration Expenses, and Class Representative Service Awards (Doc. # 31).

DATED: September 26, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge