**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 18-cv-00293-CMA-NYW

JANET SHAULIS, and
JEWEL ARLENE KEY, individually and on behalf of all other similarly situated individuals

    Plaintiffs,

v.

FALCON SUBSIDIARY LLC, a Delaware limited liability company, *d/b/a* Axispoint Health,

    Defendant.

---

### ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT
---

On September 25, 2018, a hearing was held on the joint motion of Plaintiffs, Janet Shaulis and Jewel Arlene Key ("Plaintiffs"), and Defendant, Falcon Subsidiary LLC d/b/a AxisPoint Health ("Defendant"), for final approval of their class and collective action settlement (the "Settlement"). (Doc. # 29.) Kevin J. Stoops of Sommers Schwartz, P.C., appeared for Plaintiffs; and Chris C. Scheithauer of McDermott Will & Emery LLP, appeared for Defendant.

The parties have submitted their Settlement, which this Court Preliminarily Approved by its Order entered on June 19, 2018. (Doc. # 27). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the

Settlement and the opportunity to object to it or to exclude themselves from its provisions.

    Having received and considered the Settlement, the supporting papers filed by the Parties in connection with their Final Approval Motion, the evidence received by the Court in connection with the Parties' Joint Motion for Preliminary Approval, and the argument submitted by the Parties at the Final Approval hearing on September 25, 2018, the Court grants final approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Pursuant to the Preliminary Approval Order, a Notice of Proposed Class Action Settlement and Final Approval Hearing; a Class Member Settlement Information Sheet; and an Election Not to Participate in Settlement were sent to each Class Member by first-class mail. Said notice package was also e-mailed to each Class Member for which Defendant maintained an e- mail address. These papers informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. Zero Class Members filed written objections to the proposed Settlement as part of this notice period or stated an intention to appear at the final approval hearing. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the

basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

2. In addition to the notice to the Class, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Attorney General of the United States and the appropriate state official in each state in which a Class Member resides have been given notice of the Settlement. Pursuant to CAFA, not later than 10 days after the motion seeking preliminary approval of the Settlement was filed with the Court, Defendant served upon the appropriate state official of each state in which a Class Member resides and the appropriate federal official a notice of the Settlement consisting of: copies of the complaint in this action; a notice of the scheduled judicial hearings in this class action; copies of the Settlement Agreement, proposed notices of class action settlement and Class Members' right to request exclusion from the class; and the names of Class Members who reside in each state and the estimated proportionate share of the claims of Class Members in each state to the entire Settlement. The notice of Settlement also invited comment on the Settlement. The Court finds and determines that Defendant's notice of the Settlement was timely, adequate, and compliant with the statutory requirements of CAFA. Accordingly, 28 U.S.C. section 1715(e) has no application to the Settlement.

3. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the proposed Class, as defined in the definitions section of the Settlement and conditionally certified by the Preliminary Approval Order, meets all of the legal requirements for class certification, and it is hereby ordered that the Class is finally approved and certified as a class for purposes of the Settlement.

4. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Class Members who did not timely submit valid elections not to participate in the Settlement in accordance with the Settlement Agreement and the Preliminary Approval Order will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

5. The Court finds and determines that the Settlement Shares to be paid to the Class Members who did not timely submit valid elections not to participate, as provided for by the Settlement, are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Class Members who did not timely submit valid elections not to participate out of the Net Settlement Amount in accordance with the Settlement.

6. The Court finds and determines that the fees and expenses incurred by Simpluris, Inc., in administrating the Settlement, in the amount of $22,529, are fair and reasonable. The Court hereby gives final approval to and orders that

amount be paid out of the Total Settlement Amount in accordance with the Settlement.

7. The Court determines by separate order the request by Plaintiffs and Class Counsel for Attorneys' Fees, Litigation/Settlement Administration Expenses, and Class Representative Service Awards.

8. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

9. Nothing in this order will preclude any action to enforce the parties' obligations under the Settlement or under this order, including the requirement that Defendant make payments to the Class Members in accordance with the Settlement.

10. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

11. Pursuant to the Settlement, plaintiffs and all Class Members who did not timely submit valid elections not to participate are permanently barred from prosecuting against Defendant, and its parents, predecessors, successors, subsidiaries, affiliates, joint ventures, and trusts, and all of its employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and related persons and entities, and assigns (as defined in the Settlement), any of the claims released by them under the Settlement.

12. The parties are hereby ordered to comply with the terms of the Settlement.

13. The Court hereby enters final judgment in accordance with the terms of the Settlement Agreement, the Order Granting Preliminary Approval of Collective/Class Action Settlement filed on June 19, 2018 (Doc. # 27), and this Order.

14. This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

15. The Parties will bear their own costs and attorneys' fees except as otherwise provided by the Court's order granting the Class Counsel Fees and Expenses Payment.

16. The Parties' Joint Final Approval Motion (Doc. # 29) is GRANTED.

DATED:  September 26, 2018

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge